# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | 4:13-CR-00024 |
| § | Judge Mazzant |
| RONALD LYNN RODGERS § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Ronald Lynn Rodgers's Petition and Memorandum in Support for Relief Under 18 U.S.C. §§ 3563(b) and 3583(d) (Dkt. #72). After considering the motion and all other relevant filings, the Court finds the motion must be **DENIED**.

### BACKGROUND

On April 10, 2014, Ronald Lynn Rodgers ("Rodgers") pleaded guilty to Enticement of a Minor in violation of 18 U.S.C. § 2422(b) (Dkt. #44). On January 9, 2015, the Court sentenced Rodgers to 120-months imprisonment to be followed by ten years of supervised release (Dkt. #58). Rodgers completed his prison sentence and was released on July 16, 2021. *See* https://www.bop.gov/inmateloc/ (Register Number: 20650-078).

In addition to the standard conditions of supervised release, Rodgers' supervised released is subject to several special conditions. Rodgers may not own any device that can connect to the Internet or use any digital device other than one for employment purposes only authorized by the U.S. Probation Office (Dkt. #58). The owner of any computer present in Rodgers's household must consent to the installation of U.S. Probation Office monitoring software (Dkt. #58). Rodgers may not possess of view any sexually explicit images (Dkt. #58). And he may not have contact of any kind with a child under the age of eighteen years old unless supervised by an adult approved by the U.S. Probation Office (Dkt. #58).

On September 7, 2021, Rodgers filed the present motion (Dkt. #72). The Government has not filed a response.

## LEGAL STANDARD

District courts have discretionary authority to "modify, reduce, or enlarge the conditions of supervised release" at any time. 18 U.S.C. § 3583(e)(2). Modification is contingent on weighing the § 3553(a) sentencing factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with treatment in the most effective manner; (5) the established sentencing range; (6) any policy statement by the Sentencing Commission; (7) the need to avoid unwanted sentence disparities; and (8) the need to provide restitution to any victims. 18 U.S.C. § 3553(a); *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001). Considering these factors, any supervised release condition may not result in a greater deprivation of liberty than is reasonably necessary. 18 U.S.C. § 3583(d).

Courts must orally pronounce a defendant's sentence to respect their right to be present at sentencing. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam); FED. R. CRIM. P. 43(a)(3). This pronouncement requirement provides a defendant an opportunity to object to any part of their sentence before it is imposed. *United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020); *accord United States v. Castenada*, No. 20-40290, 2021 WL 5397601 (5th Cir. Nov. 17, 2021). Though the Court must orally pronounce a defendant's sentence, it need not pronounce every term. *See United States v. Torres-Aguilar*, 352 F.3d 934, 936–38 (5th Cir. 2003) (per curiam). Courts are only required to orally pronounce discretionary conditions of a sentence, not mandatory conditions, because courts have no power to modify a mandatory term in response to a defendant's objection. *Diggles*, 957 F.3d at 557; *see, e.g.*, U.S.S.G. § 5D1.3(a)–(d). The statute

regulating supervised release conditions, 18 U.S.C. § 3583(d), distinguishes some mandatory and discretionary conditions, but the root of the inquiry is the "fullness of [the defendant's] opportunity to defend against the charge." *Snyder v. Massachusetts*, 291 U.S. 97, 105–06 (1934).

## ANALYSIS

Rodgers contends that the special conditions of his supervised release should be eliminated because the special conditions were not orally pronounced at his sentencing hearing (Dkt. #72 at p. 3). Additionally, Rodgers requests a modification of his supervised release to further his ability to pursue a career (Dkt. #72 at pp. 5–6).

The Court finds Rodgers' supervised release should not be eliminated or modified because he had adequate notice of the proposed conditions during sentencing, and because the terms are reasonable.

**I.     Oral Pronouncement**

Rodgers argues the special conditions of his supervised release should be eliminated because the Court did not properly read the conditions at sentencing. Because there was no oral pronouncement, Rodgers asserts that he was not given an opportunity to object to the special conditions.

The Court did not fail to orally pronounce the terms of Rodgers' supervised release because the Court orally announced it adopted the presentence report ("PSR") (Dkt. #51) recommendations. The Fifth Circuit recently affirmed the sentence pronouncement requirement in *United States v. Diggles*, addressing a near identical situation where a district court orally adopted the PSR's recommendations. 957 F.3d at 560; *see also United States v. Watts*, 834 Fed. Appx. 907, 915 (5th Cir. 2020). Under *Diggles*, "when the defendant confirms review of the PSR and sentencing goes forward, a court's oral adoption of PSR-recommended conditions gives the

3

defendant an opportunity to object." 957 F.3d at 560; *see also United States v. Bloch*, 825 F.3d 862, 872 (7th Cir. 2016) (rejecting a challenge to oral adoption of PSR conditions because it gave a "meaningful opportunity to object"). Additionally, courts are not required to read special conditions word-for-word. *Watts*, 834 Fed. Appx. at 915. This standard does not impair the defendant's right to a fair sentence, but rather affords the opportunity for a meaningful written objection beforehand and avoids lengthy word-for-word recitation during an emotionally charged sentencing. *Diggles* at 562.

At Rodgers' sentencing, the Court orally pronounced the conditions of his supervised release by adopting the PSR recommendations. Specifically, the Court asked if counsel and Rodgers had read and discussed the PSR, to which defense counsel answered in the affirmative (Dkt. #63 at p. 2:12–15). The Court then not only confirmed that defense counsel had fully explained the PSR to Rodgers, but also confirmed with Rodgers that he fully understood the report (Dkt. #63 at p. 2:16–21). The Court provided an opportunity for both sides to make comments, additions, corrections, and objections to the PSR (Dkt. #63 at pp. 2:22-3:11). No objections to the report or its recommendations were raised. Consequently, the Court adopted "the factual findings, undisputed facts, and guideline applications in the presentence report" (Dkt. #52 at p. 3:18–20), and held that "the defendant shall comply with the mandatory and special conditions as set forth in the defendant's presentence report" (Dkt. #62 at p. 6:7–9). The written judgment later issued included the special conditions listed in the PSR (*see* Dkts. #51, 58).

Rodgers now claims that "at no time was he given notice of any of the 'Additional Supervised Release Terms'" (Dkt. #72 at p. 3). First, the initial PSR containing the special condition recommendations was disclosed to Rodgers and his counsel on August 20, 2014, prior to the sentencing hearing (*see* Dkt. #50, Attachment 1 at p. 1). The final PSR, including any

revisions and addendums, was also disclosed to Rodgers and his counsel prior to the sentencing hearing (*see* Dkt. #51 at p. 15). In addition, the Court's oral pronouncements gave Rodgers notice of the conditions and adequate opportunity to object. Rodgers did not object to the special conditions. "As such, [Rodgers] was not 'blindsided' when the challenged conditions appeared in his judgment." *Watts*, 834 Fed. Appx. at 915; *see also Torres v. State*, No. 08-19-00214, 2021 WL 2897302, at *3 (Tex. App.—El Paso July 9, 2021) ("any conditions not objected to at the trial level were affirmatively accepted as terms of the [community supervision] contract, and by entering the contractual relationship without objection, [defendant] affirmatively waived his rights encroached by the terms of the contract."). Thus, the Court finds Rodgers is not entitled to an elimination of the special conditions of his supervised release on this ground.

## II.     Modification

Rodgers argues that the Court should modify the special conditions of his supervised release because the conditions "prevent [him] from functioning as a productive member of society" (Dkt. #72 at p. 5). Specifically, Rodgers alleges that the special conditions restricting his ability to use the Internet place him "in a position where he is foreclosed from almost all forms of employment" (Dkt. #72 at pp. 5–6).

The Court will first address Rodgers's reliance on a United States Supreme Court decision—*Packingham v. North Carolina*, 137 S.Ct. 1730 (2017). In *Packingham*, the Supreme Court held a state statute prohibiting registered sex offenders from accessing commercial social-networking sites, even after the completion of their sentences, unconstitutional under the First Amendment. 137 S.Ct. at 1733–34, 1737. However, *Packingham*'s holding is limited to individuals subject to a lifetime ban of Internet access imposed after sentence completion, and "does not . . . apply to the supervised-release context." *United States v. Halverson*, 897 F.3d 645,

658 (5th Cir. 2018). Thus, *Packingham's* holding cannot apply here to modify Rodgers' supervised release.

A condition of supervised release must be "reasonably related" to the § 3553(a) factors. 18 U.S.C. § 3553(a). Weighing the § 3553(a) sentencing factors, the Court finds prohibiting Rodgers's access to the Internet during his supervised release is reasonable under the circumstances of his offense and the need to protect society. Before being caught, Rodgers contacted numerous minors, repeatedly requesting minors send him sexually explicit photos (Dkt. #51 at pp. 4–5). While Rodgers argues these conditions are too restrictive, courts have regularly held restricting the Internet is a permissible condition of supervised release because it "reasonably relates to the § 3553(a) factors." *United States v. Farrell*, 4:06-CR-103, 2018 WL 10358656 (E.D. Tex. Feb. 23, 2018); *see also United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013) ("[R]estrictions on Internet and computer use are often imposed in cases involving child pornography, and this circuit has routinely upheld such restrictions") (citations omitted). These conditions are not arbitrary: through his plea, Rodgers acknowledged he participated in the sexual exploitation of children by requesting minors send him sexually explicit photos (Dkt. #44).

Supervised release is designed to be as rehabilitative as it is putative. Reemerging into public life is stressful and these conditions help Rodgers avoid reverting to his former habits. Rather than preemptively modify supervised release, Rodgers and the public are best served by keeping the special conditions in place and reevaluating after one year.

## CONCLUSION

It is therefore **ORDERED** that Defendant Ronald Lynn Rodger's Petition and Memorandum in Support for Relief Under 18 U.S.C. §§ 3562(b) and 3583(d) (Dkt. #72) is hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 29th day of November, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE